IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| T.H.E. INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff/Petitioner, | : | Civil Action |
| v. | : | No. 5:09-CV-118 (CAR) |
| | : | |
| COCHRAN MOTOR SPEEDWAY, et al., | : | |
| | : | |
| Defendants/Respondents. | : | |

**ORDER ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

This is a declaratory judgment action in which Plaintiff T.H.E. Insurance Company ("T.H.E.") seeks a determination that it is not obligated to defend or indemnify Defendants Cochran Motor Speedway, Arlene Pittman, Phillip W. Pittman, and Donnie Deloach against claims asserted by Defendant Susan Young, individually and as next friend of C.J., a minor, in a separate state court proceeding for injuries C.J. suffered after falling off a car at the Cochran Motor Speedway. Before the Court are Plaintiff T.H.E.'s Motion for Summary Judgment [Doc. 26], Defendant Susan Young's Cross Motion for Summary Judgment [Doc. 43], Defendant Young's Motion for Oral Argument [Doc. 46], and Plaintiff T.H.E.'s Consolidated Objections to and Motions to Strike Defendant Susan Young's Summary Judgment Pleadings [Doc. 61]. Upon due consideration of the parties' briefs, the evidence in the record, and the relevant legal authorities, and for the reasons set forth more fully below, the Court finds that there are no genuine issues of material fact and that Plaintiff T.H.E. is entitled to judgment as a matter of law. Accordingly, Plaintiff T.H.E.'s Motion for Summary Judgment is hereby **GRANTED** and Defendant Young's Cross Motion for Summary Judgment is **DENIED**. Defendant Young's

1

Motion for Oral Argument is also **DENIED**. Plaintiff T.H.E.'s Consolidated Objections to and Motions to Strike Defendant Susan Young's Summary Judgment Pleadings is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

A. <u>Preliminary Matters</u>

In its Consolidated Objections to and Motions to Strike Defendant Susan Young's Summary Judgment Pleadings, Plaintiff T.H.E. contends that Defendant Susan Young's Response to T.H.E.'s Statement of Material Facts to Which There Is No Genuine Issue To Be Tried [Doc. 57], Statement of Material Facts to Which There Is No Genuine Issue To Be Tried [Doc. 58], and Reply to Plaintiff's Response to Defendant Susan Young's Cross Motion for Summary Judgment [Doc. 59] are all untimely and should be stricken.

Local Rule 56 provides that "[t]he movant for summary judgment under Rule 56 of the Federal Rules of Civil Procedure shall attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." M.D. Ga. Local Rule 56. In this case, the Court issued a Scheduling and Discovery Order [Doc. 22], setting July 2, 2010, as the date for dispositive motions. Defendant Young did not file her Cross Motion for Summary Judgment until July 23, 2010, at the same time she filed her Response to Plaintiff T.H.E.'s Motion for Summary Judgment. In addition to being untimely, her motion for summary judgment also lacked the required statement of material facts to which Young contended there was no issue to be tried. Defendant Young did not file her statement of material facts [Doc. 58] until August 29, 2010, fifty-eight days after the July 2 deadline for filing her summary judgment motion and thirty-seven days after the already untimely motion was filed. Because the filing of

2

the statement of material facts did not comply with the Court's scheduling order or Local Rule 56, the Court orders that filing [Doc. 58] stricken and will not consider it.

Moreover, the Court need not consider Young's untimely motion for summary judgment at all. See Dedge v. Kendrick, 849 F.2d 1398, 1398 (11th Cir. 1988). Defendant Young attempts to excuse the untimely filing of her Cross Motion for Summary Judgment by pointing to Local Rule 7.1, which provides that "[w]here possible, multiple motions filed at the same time, in the same case, shall be consolidated into one motion." M.D. Ga. Local Rule 7.1. Local Rule 7.1 simply directs that multiple motions filed at same time be consolidated where possible; it does not create an exception to the Court's scheduling order, which required that dispositive motions be filed by July 2, 2010. Under the defendant's reasoning, the untimely filing of a motion for summary judgment could be saved by consolidating it with any later-filed, timely motion. Local Rule 7.1 does not contemplate such a result, and such reasoning does not constitute excusable neglect justifying an extension of time under Fed. R. Civ. P. 6(b). Thus, the Court declines to consider Defendant Young's Cross Motion for Summary Judgment. See Impreglon, Inc. v. Newco Enters., Inc., 508 F. Supp. 2d 1222, 1228 (N.D. Ga. 2007) (declining to consider untimely motion for summary judgment under similar circumstances). Defendant Young's Cross Motion for Summary Judgment [Doc. 43] is due to be denied.

Because the Court has denied Young's Cross Motion for Summary Judgment, it also declines to consider her Reply to Plaintiff's Response to Defendant Susan Young's Cross Motion for Summary Judgment [Doc. 59]. To the degree that the reply deals with matters raised in her cross motion for summary judgment, the reply is moot because her motion for summary judgment has already been denied. To the degree that the reply deals with matters raised in Plaintiff T.H.E.'s Motion for Summary Judgment, the reply constitutes an improper sur-reply under Local

3

Rule 7.3.1. See Impreglon, Inc., 508 F. Supp. 2d at 1228 n.7. Accordingly, the Court orders that defendant's reply [Doc. 59] be stricken and will not consider it.

Local Rule 56 also provides that "[t]he respondent to a motion for summary judgment shall attach to the response a separate and concise statement of materials facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried." M.D. Ga. Local Rule 56. Local Rule 7.2 governs the time for filing a response and requires that a response be filed within twenty-one days after service of the movant's motion and brief. M.D. Ga. Local Rule 7.2. Here, Plaintiff T.H.E. filed its motion for summary judgment on July 2, 2010. Defendant Young filed her response [Doc. 43] on July 23, 2010, within the twenty-one day limit. But Defendant Young did not file the required statement of material facts to which she contended a genuine issue of material fact existed [Doc. 57] until August 29, 2010, thirty-seven days after her response was due. In spite of the lateness of that filing, the Court, in its discretion, will consider Defendant Susan Young's Response to T.H.E. Insurance Company's Statement of Material Facts to Which There Is No Genuine Issue To Be Tried.

In short, Plaintiff's T.H.E.'s Consolidated Objections to And Motions to Strike Defendant Susan Young's Summary Judgment Pleadings [Doc. 61] is **GRANTED** in part and **DENIED** in part. Defendant Young's Statement of Material Facts in support of her motion for summary judgment and Reply to Plaintiff's Response to Defendant Susan Young's Cross Motion for Summary Judgment [Docs. 58 and 59] are hereby stricken. The Court will, however, consider Response to T.H.E. Insurance Company's Statement of Material Facts to Which There Is No Genuine Issue To Be Tried [Doc. 57]. And as noted above, Defendant Summary Young's Cross Motion for Summary Judgment [Doc. 43] is **DENIED**.

B. Undisputed Facts

4

The Cochran Motor Speedway ("CMS") is owned by Defendant Phillip Pittman. During the 2007 racing season, Phillip Pittman leased CMS to Cochran Motor Sports, Inc. Defendant Arlene Pittman is the owner and sole operator of Cochran Motor Sports, Inc. On January 12, 2007, Plaintiff T.H.E. issued a Commercial General Liability ("CGL") Policy to Arlene Pittman DBA: Cochran Motor Speedway. The CGL Policy provides that T.H.E. "will pay those sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." It also confers on T.H.E. "the right and duty to defend the insured against any 'suit' seeking those damages." On the other hand, T.H.E. has "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." [Doc. 26 Exh. A, Commercial General Liability Coverage Form, CG00011204, Section I. Coverages - 1.a.]. The CGL Policy also includes Endorsement No. PAR111 (12/95), which modifies policy coverage. Specifically, the Endorsement provides that the policy definition of "WHO IS INSURED is amended to include as an insured, any automobile owner, sponsor, or participant(s) while participating in a Covered program, however, no owner, sponsor, or participant is insured for any bodily injury to another owner, sponsor, or participant, or property damage to the property of another owner, sponsor, or participant." [Doc. 26 Exh. A, Endorsement No. PAR111 (12/95), III. Persons Insured].

The Endorsement also includes the coverage exclusion at issue in this case. The Endorsement provides that the policy does not apply to any loss on the insured's premises for "bodily injury or property damage to any participant against another participant while practicing for or participating in a racing program, which is sponsored by the Insured." [ Id. II. Exclusions (8)]. The endorsement goes on to define several terms as follows:

5

> For purposes of this endorsement, "participant" shall be defined as individuals who have registered to and actually do engage in the racing activity provided under the INSURED'S PROGRAM – including drivers, mechanics, pitmen, race officials, flagmen, announcers, ambulance crews, newsmen, photographers, gate workers, and all other persons bearing duly and officially assigned credentials and/or guest pit passes for the program.
> For purposes of this endorsement, "Pit" or "Pit Area" means the area used to prepare the automobiles for racing.
>
> . . .
>
> For purpose of this endorsement, "Racing Program" means the usual and customary number of racing events including practice, time trials, heat races, and feature races.
>
> . . .
>
> For purposes of this endorsement, "Automobile" means any land motor vehicle used in a Racing Program, but does not include mobile equipment…

[Id. IV. Additional Definitions].

On October 6, 2007, C.J. and Charles Young, her stepfather, attended a racing program at CMS. This program was covered under the CGL Policy. Charles Young purchased pit passes for both himself and C.J. He also signed a "Waiver and Release from Liability and Indemnity Agreement" on behalf of himself and C.J. After purchasing the pit passes and signing the releases, Charles Young and C.J. received wristbands that allowed them access to the restricted areas of CMS, specifically the pit area. Access to the restricted areas of CMS, including the pit area, was limited to those with pit passes. After receiving their pit passes, Charles Young and C.J. proceeded to the pit area of CMS and joined with Defendant Donnie Deloach's race team, DMD Racing.

At the conclusion of the night's final race, it was determined that DMD Racing won the points championship for the 2007 race season. CMS race officials called the winners, including DMD Racing, out to the front straightaway for pictures. DMD Racing's usual driver could not

6

be located, so Defendant Deloach decided to drive the racecar out to the front straightaway himself. Prior to leaving the pit area, C.J. was placed on the racecar to accompany Defendant Deloach to the front straightaway. As Defendant Deloach exited the pit area and began to make his way around the track, C.J. fell from the vehicle and was injured.

Subsequent to these events, Defendant Susan Young filed suit in Georgia state court, alleging that Defendants Deloach, CMS, Arlene Pittman, and Phillip Pittman negligently caused C.J.'s injuries. Plaintiff T.H.E. filed this declaratory judgment action seeking a determination of whether it was obligated to defend and indemnify against Defendant Susan Young's negligence claims.

## II. DISCUSSION

A.  Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict. See id. at 249-52, 106 S. Ct. at 2511-12. When ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553 (internal quotation marks omitted). If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact. See Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

B. Analysis

Georgia law governs this insurance contract because it was entered into in Georgia. Johnson v. Occidental Fire & Cas. Co., 954 F.2d 1581, 1583-84 (11th Cir. 1992). An insurer's duty to defend and indemnify is determined by the insurance contract. Cantrell v. Allstate Ins. Co., 415 S.E.2d 711, 712 (Ga. Ct. App. 1992). Here, the CGL Policy confers a right and duty to defend against suits seeking damages covered under the contract, but imposes no such duty for suits seeking damages to which the contract does not apply. In the same manner, the CGL Policy obligates T.H.E. to indemnify the insured against liabilities to which the policy applies. Thus, whether T.H.E. is required to defend and indemnify the defendants against Young's claims turns solely on whether the injuries she alleges in the state court suit are covered under the insurance contract. See Cantrell, 415 S.E.2d at 712-13.

Accordingly, the Court turns first to the language of the Policy and then to the application of the alleged facts of C.J.'s injury to that language. The exclusion at issue in this case, Exclusion

8

8, provides that the Policy does not apply to any loss for "bodily injury or property damage to any participant against another participant while practicing for or participating in a racing program, which is sponsored by the Insured." The parties do not dispute that Defendant Deloach was a participant. So applying the policy language, the question of coverage turns on whether C.J. was a "participant" and was "participating in a racing program." The CGL Policy goes on to define "participants" as "individuals who have registered to and actually do engage in the racing activity provided under the INSURED'S PROGRAM – including . . . all other persons bearing duly and officially assigned credentials and/or guess pit passes for the program." The Policy also defines a "Racing Program" as "the usual and customary number of racing events including practice, time trials, heat races, and feature races."

Applying the plain terms of the Policy, the Court finds that the undisputed facts establish that C.J. was a participant and was participating in a racing program. Under Georgia law, "an unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured." Liberty Nat. Ins. Co. v. Davis, 401 S.E.2d 555 (Ga. Ct. App. 1991) (alteration and internal quotation marks omitted). C.J. was issued a pit pass, entered the pit area, and later rode on Defendant Deloach's car as he drove it onto the track for post race pictures. Contrary to Defendant Young's contentions, the Court finds that these actions bring C.J. squarely within both the functional definition of a participant, as an individual who "registered to and actually . . . engaged in the racing activity" and the illustrative list of participants, as an individual bearing a guest pit pass.

Furthermore, C.J.'s injuries occurred during participation in a racing program. C.J. fell off the car as it was being driven onto the track at the direction of CMS officials for a post race picture session after having won the points championship. The Court finds that a post race awards

ceremony falls within "the usual and customary number of racing events" surrounding a "feature race." Defendant Young has produced no evidence to the contrary. Because C.J. was a "participant" within the meaning of the Policy who suffered an injury while "participating in a racing program," her injury falls under Exclusion 8. Thus, T.H.E. has no duty to defend and indemnify the Defendants against Defendant Young's claims for C.J.'s injuries.

Having found that C.J. was a participant and was injured while participating in a racing program, Defendant Young's only remaining argument is that summary judgment should not be granted because no Minor Release Agreement was ever executed. While it is undisputed that no Minor Release Agreement was executed, the argument is immaterial. Whether a Minor Release Agreement was executed determines whether another exclusion, Exclusion 2, is triggered. The exclusion at issue in the case, Exclusion 8, does not require a Minor Release Agreement.

The Court also notes that had it considered Defendant Young's filings previously stricken in this order [Docs. 58, 59], the result would remain the same. Defendant Young never contested the language of the Policy, that C.J. was issued a pit pass and entered the pit area, or that C.J. fell off Defendant Deloach's car while the car was driven onto the track at the direction of CMS officials for a post race ceremony. Defendant Young only contested the conclusion that these facts established that C.J. was a participant who was injured while participating in a racing program. As discussed above, the Court disagrees.

### III. CONCLUSION

For the reasons set forth above, the Court finds that there are no genuine issues of material fact to be determined at trial and that Plaintiff T.H.E. is entitled to judgment as a matter of law. Accordingly, Plaintiff T.H.E.'s Motion for Summary Judgment [Doc. 26] is **GRANTED**.

Summary judgment having been granted, Defendant's Motion for Oral Argument [Doc. 46] is **DENIED** as moot. And as discussed above, Defendant's Cross Motion for Summary Judgment [Doc. 43] is **DENIED** and Plaintiff's Consolidated Objections to and Motions to Strike [Doc. 61] is **GRANTED** in part and **DENIED** in part.

      SO ORDERED, this 21st day of December, 2010.

                                      S/ C. Ashley Royal
                                      C. ASHLEY ROYAL, JUDGE
                                      UNITED STATES DISTRICT COURT

bcw